IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RIVERWOOD HOUSING PARTNERS LP, *d/b/a RIVERWOOD TOWNHOMES RENTERS REFERENCE SERVICES INC.*, <br><br> Plaintiff, <br><br> v. <br><br> KANDY PARKER *AND ALL OTHER OCCUPANTS*, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:24-cv-01070-TCB-RDC |

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

Pending before the Court are Defendant's application for leave to proceed *in forma pauperis* ("IFP") and petition for removal. (Doc. 1). Defendant, who is proceeding *pro se*, seeks to remove a dispossessory action to federal court from the Magistrate Court of Clayton County, Georgia. For the reasons stated below, the undersigned **GRANTS** the request to proceed IFP for these proceedings only and **RECOMMENDS** that the District Judge **REMAND** this action to state court for lack of subject matter jurisdiction.

On or about February 27, 2024, Plaintiff launched a state-court dispossessory proceeding against Defendant with respect to real property located in Jonesboro, Georgia, alleging that Defendant failed to pay rent. (Doc. 1-1 at 2). Plaintiff is seeking possession of the property, past-due rent in the amount of $13,217, and future rent accruing at the rate of $24.14 per day. (*Id.*). On March 12, 2024, Defendant filed the instant IFP application and petition for removal.

Before this action can proceed, the Court must determine whether the petition for removal states a proper jurisdictional basis for removing this action to federal court. *See* 28 U.S.C. § 1447(c); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a federal court has an obligation in removal cases to examine its own subject matter jurisdiction and remand if jurisdiction is lacking at any time). For a defendant to remove a state-court action to federal district court, the federal court must have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 29 (2002).

Federal courts construe removal statutes, such as § 1441(a), strictly and resolve all doubts about the propriety of removal in favor of remand to state court. *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). In addition, the removing party bears the burden to establish that federal subject

matter jurisdiction exists. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

To establish subject matter jurisdiction, a defendant must show that removal is based on either (1) diversity of citizenship or (2) a federal question. 28 U.S.C. §§ 1331, 1332, 1441(a). First, a district court has diversity jurisdiction for civil actions where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Second, a district court exercises federal question jurisdiction in civil actions "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under" federal law, federal courts apply the well-pleaded-complaint rule, which examines whether a federal question appears on the face of the plaintiff's properly pleaded complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002). Importantly, a defense or counterclaim involving federal law or alleging a constitutional violation is not enough to invoke federal question jurisdiction. *See id.*

Here, there is no basis for this Court to exercise subject matter jurisdiction. First, Defendant has not adequately pled facts to establish jurisdiction based on diversity of citizenship because the parties appear non-diverse and the amount in controversy does not exceed the $75,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(a)(1).

Second, as to federal question jurisdiction, the Court looks only to the dispossessory warrant filed in state court to determine whether the case arises under federal law. *See Holmes Grp., Inc.*, 535 U.S. at 830–31. Because that document seeks possession of real property under state law, there is no sign that this Court may exercise jurisdiction based on a federal question. *See* O.C.G.A. § 44-7-50 (providing subject matter jurisdiction to state courts for actions involving demand of possession over real property).[1]

Accordingly, while Defendant's IFP application, (Doc. 1), is **GRANTED** for purposes of jurisdictional review only, the undersigned **RECOMMENDS** that the District Judge **REMAND** this action to the Magistrate Court of Clayton County, Georgia.

IT IS SO **ORDERED** and **RECOMMENDED** on this 14th day of March 2024.

REGINA D. CANNON
United States Magistrate Judge

---

[1] Plaintiff indicates she wishes to remove this action due to hardship. (Doc. 1-1 at 1). While the undersigned expresses sympathy to Ms. Parker over the loss of her son, there is no basis for this Court to exercise jurisdiction over this matter.